**NOTE: CHANGES MADE BY COURT**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEEANNE SWIFT, Derivatively on Behalf of Nominal Defendant RXSIGHT, INC., <br><br> Plaintiff, <br><br> v. <br><br> RON KURTZ, SHELLEY THUNEN, J. ANDY CORLEY, WILLIAM J. LINK, JULIET TAMMENOMS BAKKER, ROBERT WARNER, JULIE B. ANDREWS, ROBERT J. PALMISANO, SHWETA SINGH MANIAR, and TAMARA R. FOUNTAIN, <br><br> Defendants, <br><br> and <br><br> RXSIGHT, INC., <br><br> Nominal Defendant. | Case No. 8:25-cv-01820-FWS-KES <br><br> **ORDER RE JOINT STIPULATION TO STAY ACTION [30]** <br><br> Honorable Fred W. Slaughter |

///

///

///

ORDER GRANTING JOINT STIPULATION TO STAY ACTION

The court, having considered the Joint Stipulation to Stay Action (Dkt. 30, the "Stipulation"), filed by plaintiff LeeAnne Swift ("Plaintiff"), nominal defendant RxSight, Inc. ("RxSight" or the "Company"), and defendants Ron Kurtz, Shelley Thunen, J. Andy Corley, William J. Link, Juliet Tammenoms Bakker, Robert Warner, Julie B. Andrews, Robert J. Palmisano, Shweta Singh Maniar, and Tamara R. Fountain (collectively, the "Individual Defendants," and together with the Company, "Defendants"),[1] the record in this case, the relevant law, and for the good cause demonstrated in the Stipulation, the court **ORDERS** the following:

1. The Stipulation is **GRANTED**.

2. Except as noted below, all proceedings in the above-captioned action (the "Derivative Action"), including any motion practice, conferences currently scheduled, obligation to respond to the complaint and any amended complaint, and all discovery and disclosure obligations under the applicable local and federal rules, are hereby stayed until a final resolution of *Makaveev v. RxSight, Inc., et al.*, Case No. 8:25-cv-01596-FWS-KES and *Gemesi v. RxSight, Inc., et al.*, Case No. 8:25-cv-02093-FWS-DFM (together, the "Securities Class Actions"), and the exhaustion of any appeals. *See, e.g.*, *In re STEC, Inc. Derivative Litig.*, 2012 WL 8978155, at *4 (C.D. Cal. Jan. 11, 2012) ("Courts generally stay a shareholder derivative suit until the culmination of a securities class action when the cases arise from the same factual allegations and the evidence in the former could jeopardize the company's defense in the latter.").

3. During the pendency of the stay, Defendants shall not be required to move, or otherwise respond, to the complaint in the Derivative Action.

4. During the pendency of the stay, Plaintiff may file an amended complaint in the Derivative Action, but Defendants are not required to move, or

---

[1] Plaintiff and Defendants together are referred to herein as the "Parties."

2

otherwise respond, to any amended complaint.

5. During the pendency of the stay, Defendants shall promptly notify Plaintiff of any derivative actions arising from the same or substantially similar facts to those alleged in this Derivative Action ("Related Derivative Action(s)").

6. Defendants shall promptly notify Plaintiff if a Related Derivative Action is not stayed for a similar or longer duration than the Derivative Action.

7. Plaintiff or Defendants may move to lift the stay in this Derivative Action for good cause shown by giving at least thirty (30) days' written notice to the opposing Party.

8. During the pendency of the stay, if a related plenary derivative complaint is filed that references or quotes from documents produced by the Company in response to an inspection demand under Section 220, the Company will promptly thereafter produce a copy set of the Section 220 production to Plaintiff, subject to a mutually agreed upon reasonable confidentiality agreement which permits Plaintiff to use the documents in Plaintiff's case.

9. During the pendency of the stay, if a private mediation is convened in connection with the Securities Class Actions, Defendants will invite Plaintiff to separately participate in a mediation solely with respect to the resolution of the claims in the Derivative Action. If a private mediation is convened for any Related Derivative Action, Defendants will invite Plaintiff to participate in the mediation. If RxSight produces documents to the plaintiffs in any Related Derivative Action in connection with a mediation, RxSight agrees to provide them to Plaintiff on the same terms, subject to counsel for Parties entering into a mutually agreed upon reasonable confidentiality agreement.

10. Upon lifting or termination of the stay, the Parties shall, within fourteen (14) days, meet and confer regarding appropriate next steps to be taken in the Derivative Action and notify the Court accordingly.

11. Nothing in the Stipulation shall be construed as a waiver of any Party's rights or positions in law or in equity, or as a waiver of any defenses or claims that any Party would otherwise have, including, but not limited to, objections to venue, personal jurisdiction, or standing.

**IT IS SO ORDERED**.

Dated: October 2, 2025

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE