**EMERY | REDDY, PC**
M. Anderson Berry (SBN 262879)
*anderson@emeryreddy.com*
Gregory Haroutunian (SBN 330263)
*gregory@emeryreddy.com*
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 995-5968
Fax: (206) 441-9711

*Attorneys for Plaintiff*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LEEANNE SWIFT, Derivatively on Behalf of Nominal Defendant RXSIGHT, INC.,

Plaintiff,

v.

RON KURTZ, SHELLEY THUNEN, J. ANDY CORLEY, WILLIAM J. LINK, JULIET TAMMENOMS BAKKER, ROBERT WARNER, JULIE B. ANDREWS, ROBERT J. PALMISANO, SHWETA SINGH MANIAR, and TAMARA R. FOUNTAIN,

Defendants,

and

RXSIGHT, INC.,

**Nominal Defendant.**

Case No. 8:25-cv-01820-FWS-KES

**JOINT STIPULATION TO CONSOLIDATE THE DERIVATIVE ACTIONS, APPOINT CO-LEAD COUNSEL AND STAY THE DERIVATIVE ACTIONS**

The Honorable Fred W. Slaughter

**Caption continued on next page**

| | |
|---|---|
| ERIC YOST, Derivatively on Behalf of RXSIGHT, INC.,<br><br>Plaintiff,<br>v.<br><br>RON KURTZ, SHELLEY THUNEN, J. ANDY CORLEY, WILLIAM J. LINK, JULIET TAMENOMS, BAKKER, ROBERT WARNER, JULIE B. ANDREWS, ROBERT J. PALMISANO, SHWETA SIGNH MANIAR, and TAMARA R. FOUNTAIN,<br><br>Defendants,<br>and,<br><br>RXSIGHT, INC.,<br><br>Nominal Defendant. | Case No: 25-cv-02295-FWS-KES |

Plaintiffs in the above-captioned cases, LeeAnne Swift ("Swift") and Eric Yost ("Yost") (together, "Plaintiffs"), defendants Ron Kurtz, Shelley Thunen, J. Andy Corley, William J. Link, Juliet Tammenoms Bakker, Robert Warner, Julie B. Andrews, Robert J. Palmisano, Shweta Singh Maniar, and Tamara R. Fountain (the "Individual Defendants"), and nominal RxSight, Inc. ("RxSight" or the "Company" and, with the Individual Defendants, "Defendants," and with the Plaintiffs, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, on August 18, 2025, Plaintiff Swift filed a shareholder derivative action purportedly on behalf of nominal defendant RxSight in this Court against the Individual Defendants ("*Swift* Action"), asserting claims for alleged breaches of fiduciary duties, aiding and abetting breach of fiduciary duty, unjust enrichment, waste of corporate assets, and alleged violations of Sections 14(a) of

the Exchange Act against all of the Individual Defendants;

WHEREAS, on September 23, 2025, Defendants waived service of summons in the *Swift* Action;

WHEREAS, on October 1, 2025, the parties to the *Swift* Action jointly stipulated to stay the *Swift* Action. (ECF No. 30), and on October 2, 2025, the Court stayed the *Swift* Action pending final resolution of the factually related consolidated securities class action, captioned: *In re RxSight, Inc. Securities Litigation*, Case No. 8:25-cv-01596-FWS-KES (C.D. Cal.) (the "Securities Class Action") (ECF No. 31);

WHEREAS, on October 10, 2025, Plaintiff Yost filed a verified shareholder derivative complaint in this Court (the "*Yost* Action" and, with the *Swift* Action, the "Related Derivative Actions"), purportedly on behalf of RxSight against the Individual Defendants, asserting claims for alleged breaches of fiduciary duties, gross mismanagement, waste of corporate assets, unjust enrichment, aiding and abetting, insider trading, and alleged violations of Sections 14(a) of the Exchange Act against all of the Individual Defendants, for alleged misconduct that substantially overlaps with the misconduct alleged in the *Swift* Action;

WHEREAS, on October 14, 2025, Defendants waived service of summons in the *Yost* Action;

WHEREAS, on November 3, 2025, following transfer of the *Yost* Action to the same Court as the *Swift* Action, the Court issued an Order directing the Parties to file positions regarding a stay of the *Yost* Action;

WHEREAS, under Fed. R. Civ. P. 42(a), when actions involve "a common

question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

WHEREAS, the Parties agree that the Related Derivative Actions challenge substantially similar alleged conduct and involve overlapping questions of law and fact, and that the administration of justice would best be served by consolidating the Related Derivative Actions;

WHEREAS, the Parties therefore respectfully submit that consolidation of the Related Derivative Actions under Fed. R. Civ. P. 42(a) is appropriate;

WHEREAS, to avoid potentially duplicative actions and to prevent any waste of the Court's and the Parties' resources, the Parties agree that the Related Derivative Actions should be consolidated for all purposes, including pre-trial proceedings and trial, into a single consolidated action under Lead Case No.: 8:25-cv-01820-FWS-KES (hereinafter referred to as the "Consolidated Derivative Action");

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Related Derivative Actions, Plaintiffs agree that Rigrodsky Law, P.A. and Gainey McKenna & Egleston[1] shall be designated as Co-Lead Counsel for plaintiffs in the Consolidated Derivative Action;

WHEREAS, Defendants take no position regarding appointment of Co-Lead Counsel for Plaintiffs;

---

[1] Attached hereto as Exhibits A and B are the firm résumés of Rigrodsky Law, P.A. and Gainey McKenna & Egleston, respectively.

WHEREAS, the Parties request that the stay in the *Swift* Action be temporarily lifted solely for the limited purpose of consolidating the Related Derivative Actions and appointing co-lead counsel;

WHEREAS, the defendants in the related Securities Class Action anticipate filing motions to dismiss following the lead plaintiff's filing of a consolidated complaint in that action;

WHEREAS, the Parties agree that the Securities Class Action is based on factual allegations substantially similar to those in the Related Derivative Actions, Defendants Kurtz and Thunen are named as defendants in the Securities Class Action and the Related Derivative Actions, the Related Derivative Actions allege, *inter alia*, damages to RxSight allegedly arising from the Securities Class Action, and the proceedings in the Securities Class Action may help inform the manner in which the Related Derivative Actions proceed; and

WHEREAS, the Parties have met and conferred and agree that, in the interest of judicial efficiency, it would be beneficial to stay all proceedings in the Related Derivative Actions on the same terms set forth in the October 2, 2025 Order in the *Swift* Action. ECF No. 31.

NOW, THEREFORE, the Parties, through their undersigned counsel, hereby stipulate and agree, subject to the approval of the Court, as follows:

1. The stay in the *Swift* Action is temporarily lifted for the limited purpose of consolidating the Related Derivative Actions and appointing co-lead counsel.

2. The Related Derivative Actions shall be consolidated for all purposes,

including pre-trial proceedings and trial, under Case No. 8:25-cv-01820-FWS-KES. Every pleading in the Consolidated Derivative Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE RXSIGHT, INC. STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No.: 8:25-cv-01820-FWS-KES (Consolidated) |
| This Document Relates to:<br>ALL ACTIONS | |

1. All papers filed in connection with the Consolidated Derivative Action will be maintained in one file under Case No.: 8:25-cv-01820-FWS-KES. All documents previously filed and/or served in the Related Derivative Actions shall be deemed part of the record in the Consolidated Derivative Action.

2. Co-Lead Counsel for Plaintiffs in this Consolidated Derivative Action shall be Rigrodsky Law, P.A. and Gainey McKenna & Egleston.

3. Co-Lead Counsel shall have the sole authority to speak for Plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

4. Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of Plaintiffs. No motion, request for discovery, or other pre-

trial or trial proceedings will be initiated or filed by any Plaintiffs except through Co-Lead Counsel.

5. Counsel for all Defendants may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs.

6. The Order granting this Stipulation shall apply to each related purported shareholder derivative action involving the same or substantially the same allegations, claims, and defendants, and arising out of the same, or substantially the same, transactions or occurrences as the Consolidated Derivative Action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re RxSight, Inc. Stockholder Derivative Litigation*, Case No.: 8:25-cv-01820-FWS-KES, is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re RxSight, Inc. Stockholder Derivative Litigation*, Case No.: 8:25-cv-01820-FWS-KES and counsel for the Parties are to assist in assuring that counsel in subsequent actions receive notice of the Order granting this Stipulation. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Derivative Action shall apply to all later shareholder derivative actions involving RxSight filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, which actions shall be consolidated

into the Consolidated Derivative Action.

7. All proceedings in the Consolidated Derivative Action, "including any motion practice, conferences currently scheduled, obligation to respond to the complaint and any amended complaint, and all discovery and disclosure obligations under the applicable local and federal rules, are hereby stayed until a final resolution of" the related Securities Class Action, and the "exhaustion of any appeals." ECF No. 31.

8. The Parties are not waiving any rights, claims, arguments or defenses of any kind, and no part of this stipulation shall be construed as a waiver of any rights, claims, arguments, or defenses.

**IT IS SO STIPULATED.**

Dated: November 6, 2025

**EMERY | REDDY, PC**

*/s/ Gregory Haroutunian*
M. Anderson Berry (SBN 262879)
*anderson@emeryreddy.com*
Gregory Haroutunian (SBN 330263)
*gregory@emeryreddy.com*
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 995-5968
Fax: (206) 441-9711

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna*
Gregory M. Egleston*
260 Madison Avenue, 22nd Floor
New York, NY 10016
Tel: (212) 983-1300
Fax: (212) 983-0383
*tjmckenna@gme-law.com*
*gegleston@gme-law.com*
**Pro Hac Vice forthcoming*

**RIGRODSKY LAW, P.A.**

*/s/ Gina M. Serra*
Gina M. Serra, SBN 361172
1091 N. Palm Canyon Drive, Suite 9
Palm Spring, CA 92262
Telephone: (760) 406-8009
Facsimile: (302) 654-7530
Email: gms@rl-legal.com

-and-

Leah B. Wihtelin (*pro hac vice*)
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: lw@rl-legal.com

*Attorneys for Plaintiff*

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

*/s/ Diane M. Walters*
Diane M. Walters
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (866) 974-7329
Email: dwalters@wsgr.com

-and-

Gregory L. Watts
95 South State Street, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 401-8510
Facsimile: (866) 974-7329
Email: gwatts@wsgr.com

*Attorneys for Defendants*